O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS HARRIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 11-0507-DTB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint on April 7, 2011, seeking review of the Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on January 9, 2012. Thus, this matter now is ready for decision.[1]

/ / /
/ / /
/ / /

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

1. Whether plaintiff's condition met or equaled Listing 1.04A and if not, whether the Administrative Law Judge ("ALJ") properly evaluated the claim; whether the ALJ properly characterized the medical evidence; and whether the ALJ properly evaluated the opinion of plaintiff's treating physician. (Jt. Stip. 5-15.)

2. Whether the ALJ properly evaluated plaintiff's credibility and subjective symptoms. (Jt. Stip. 15-22.)

**DISCUSSION**

**I. Reversal is warranted with respect to the ALJ's failure to address whether plaintiff's condition met or equaled Listing 1.04A.**

While working as a janitor, plaintiff injured his lower back from repetitive lifting of desk furniture, trash, and other items. (AR 399.) An x-ray of plaintiff's lumbar spine showed that he had "severe degenerative disease at L5-S1." (AR 336.) In a sub-ground of Ground One, plaintiff claims that his condition meets or equals the requirements of Listing 1.04A (Disorders of the Spine) or in the alternative, that the ALJ improperly failed to explain his finding on this issue. (Jt. Stip. 6-7, 15.)

In 20 C.F.R. Part 404, Subpart P, Appendix 1, the Commissioner has set forth certain impairments that are presumed to be of sufficient severity to prevent the performance of work. See 20 C.F.R. §§ 404.1525(a), 416.925(a). At Step Three of the Commissioner's five-step disability analysis, the ALJ must determine whether a claimant's impairment or combination of impairments meets or equals a listed impairment. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant has an impairment that meets or equals a listed impairment, disability is presumed and benefits are awarded. See 20 C.F.R. §§ 404.1520(d), 416.920(d); Barker v. Sec. of Health and Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989).

The claimant has the burden of proving disability, including disability based on the Listing of Impairments. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.

1995); Vick v. Comm'r of Social Sec. Admin., 57 F. Supp. 2d 1077, 1087 (D. Or. 1999). The mere diagnosis of a listed condition does not establish that a claimant "meets" the Listings. See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (emphasis in original); see also 20 C.F.R. §§ 404.1525(d), 416.925(d).

Listing 1.04A (Disorders of the Spine) requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

In his Step Three determination, the ALJ failed to mention Listing 1.04A but instead stated a general conclusion that plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."[2] (AR 16.) The Commissioner argues that the ALJ's conclusion was supported by the assessments of the state agency medical consultants, Drs. Cooper and Williams. (Jt. Stip. 12.) The Court disagrees. Dr. Cooper's assessment does not reference any listing nor provide any rationale for the ALJ's listings determination (AR 337-41), and Dr. Williams is a psychiatrist who did not consider plaintiff's lower-back impairment (AR 394). Nor does the ALJ's opinion itself contain sufficient findings to support the determination. Accordingly, the ALJ's conclusory listings determination is insufficient to support a finding of non-disability. See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001) ("An ALJ must evaluate the relevant

---

[2] The ALJ did specifically find that plaintiff's mental impairment did not meet or equal the requirements of Listing 12.04 (Affective Disorders), which plaintiff does not challenge.

3

evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.")

However, the Court disagrees with plaintiff's contention that the ALJ's error entitles him to a finding of disability under Listing 1.04A and an award of benefits. (See Jt. Stip. 7.) Although it appears from the record that plaintiff's condition meets or equals some of the requirements of Listing 1.04A, plaintiff has not shown that his condition satisfies each of the criteria of the listing. Specifically, the Court is unable to find that plaintiff has shown that he has motor loss in the form of "atrophy with associated muscle weakness or muscle weakness" or shown that he has sensory or reflex loss within the meaning of the Commissioner's listings. Moreover, it is not clear from the record that plaintiff has met the durational requirement of the listing. See 66 Fed. Reg. 58010-01, 58018 (stating that Listing 1.04A generally requires a "longitudinal clinical record sufficient to assess the severity and expected duration" of the impairment).

Accordingly, remand for further proceedings is appropriate.

**II.     Reversal is not warranted with respect to the ALJ's characterization of the medical evidence or consideration of the treating physician's opinion.**

In the two remaining sub-grounds of Ground One, plaintiff claims that the ALJ's decision was erroneous or not supported by substantial evidence because he mischaracterized the medical evidence and because he failed to properly consider the opinion of plaintiff's treating physician, Dr. Quynam Nguyen. (Jt. Stip. 5-6, 7.) The Court disagrees with both contentions.

The ALJ did not mischaracterize the evidence of plaintiff's mental impairment in the three ways that plaintiff asserts. (Jt. Stip. 5-6.) First, plaintiff contends that the ALJ improperly found that plaintiff "had no history of psychiatric treatment or hospitalization" and "was not seeing a psychiatrist or counselor" because in fact

plaintiff did seek mental health treatment. (Jt. Stip. 5; AR 20.) What plaintiff fails to mention, however, is that the ALJ was merely quoting portions of the record in which examining physicians noted that plaintiff had no history of psychiatric treatment or hospitalization (AR 462) and was not seeing a psychiatrist or counselor (AR 372), presumably because that is what plaintiff told them. In any event, the ALJ did fully consider plaintiff's mental health treatment record. (AR 19-21.) Second, plaintiff contends that the ALJ mischaracterized plaintiff's mental impairment as a "depressive disorder" because he actually had a "major depressive disorder with psychotic features." (Jt. Stip. 5; AR 15.) However, plaintiff does not explain the significance of this distinction, especially in light of the fact that the ALJ fully accounted for plaintiff's mental impairment by determining that he should be limited to work involving simple, repetitive tasks. (AR 17.) Third, plaintiff contends that the ALJ incorrectly stated that no physician determined that plaintiff's mental impairments "were so severe that he was incapable of all work" because in fact evaluators at Tri City Mental Health Center ("Tri City") found that he had an "inability to meet role expectations at home, school, or employment." (Jt. Stip 5; AR 21, 268, 355.) The record shows, however, that this finding was made by a mental health worker in order to determine plaintiff's eligibility for a treatment plan at Tri City. (AR 268, 355.) The ALJ was correct in concluding that no physician had found that plaintiff's mental impairments were so severe that he was incapable of all work, and in fact, the psychiatrist who treated plaintiff at Tri City reported that he was "better" and "doing well." (AR 278, 347.)

     The ALJ also properly considered the opinion of Dr. Nguyen, a workers' compensation physician who treated plaintiff for his lower-back injury. (AR 424-52.) Specifically, the ALJ correctly noted that Dr. Nguyen treated plaintiff from September 2007 to May 2008, diagnosed him with impairments in his lumbar spine

///

///

5

and depression secondary to chronic pain, and concluded that plaintiff was "temporarily totally disabled" through the workers' compensation program.[3] (AR 17, 425, 428, 431, 437, 443, 446, 452.)  To the extent that plaintiff argues that the terminology Dr. Nguyen used in his workers' compensation reports establish that plaintiff was disabled under the Social Security Act (Jt. Stip. 7), the Court disagrees. Terms of art used in worker's compensation cases are not controlling in Social Security cases. See Macri v. Chater, 93 F.3d 540, 543-43 (9th Cir. 1996); Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  In any event, Dr. Nguyen's opinion that plaintiff was "temporarily totally disabled" for the period of September 2007 to May 2008 does not, by itself, establish that plaintiff had a disabling condition that had lasted, or was expected to last, for 12 continuous months as required by the Social Security Act.  See 20 C.F.R. §§ 404.1509, 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.")

### III. Reversal is not warranted with respect to the ALJ's evaluation of plaintiff's credibility.

In Ground Two, plaintiff claims that the ALJ failed to properly evaluate plaintiff's credibility and subjective symptoms.  (Jt. Stip. 15.)

Where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings

---

[3] In workers' compensation parlance, the term "temporarily totally disabled" means that an individual is "totally incapacitated" and "unable to earn any income during the period when he is recovering from the effects of the injury." Booth v. Barnhart, 181 F. Supp. 2d 1099, 1103 n. 2 (C.D. Cal. 2002) (citations omitted).

stating clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (as amended); see also Dodrill, 12 F.3d at 918. Further, a credibility finding must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

Here, plaintiff testified that he cannot work because of chronic pain, mental problems, and back pain. (AR 62-63, 66.) The ALJ articulated legally sufficient reasons for declining to credit plaintiff's statements regarding the extent of his pain and functional limitations.

First, the ALJ found that the evidence did not support plaintiff's allegation of a disabling mental impairment because the Tri City records indicated that plaintiff was "doing well" or "better," was able to concentrate, had no medication side effects, and had no problems with psychological features. (AR 19, 278, 483.) Moreover, the ALJ noted that no physician had concluded that plaintiff's mental impairments were of such severe nature that he was incapable of all work. (AR 21.) Under Ninth Circuit jurisprudence, the ALJ could properly rely on such inconsistencies between plaintiff's testimony and the objective medical evidence. See, e.g., Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may properly rely on lack of supporting medical evidence as a factor in credibility analysis); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on absence of side effects to discredit plaintiff's testimony); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ may properly reject subjective allegations of pain where none of the doctors who examined plaintiff expressed the opinion that he was totally disabled).

///

Second, the ALJ found that plaintiff's symptoms improved with treatment and conversely, when he was not taking his medications, his symptoms returned. (AR 19, 21, 479, 483.) An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive. See, e.g., Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on report that plaintiff's mental symptoms improved with the use of medication); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (noting that impairments that are controlled by treatment cannot be considered disabling).

The Court therefore finds and concludes that the reasons cited by the ALJ in support of his adverse credibility determination here were supported by substantial evidence in the record and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (as amended); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (per curiam) (as amended).

This is not an instance where no useful purpose would be served by further administrative proceedings or where the record has been fully developed. Rather, this

is an instance where additional administrative proceedings could remedy the defects in the ALJ's decision.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: March 30, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.